Wheatley, J.
Plaintiff-buyer (McCartin) has sued for the return of a down payment made on a proposed purchase of land in Attleboro, alleging that defendant-seller (Bishop) was not able to convey good title at the time set for closing. Bishop answered that the title was clear and that McCartin failed to go through with the sale. It is from McCartin’s motion for summary judgment, made in due course and allowed by the motion judge,[1] that Bishop appeals. We dismiss the appeal.
“Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as matter of law.” Bergendahl v. Massachusetts Electric Company, 45 Mass. App. Ct. 715 (1998), at 718. The documents to be examined by the motion judge are"... pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any....” Mass. R. Civ. R, Rule 56(c). The only relevant documents in the record before us are McCartin’s motion for summary judgment, McCartin’s memorandum in support thereof, a three-page transcript of the arguments at the motion hearing, and a copy of the lower court docket sheet. There are no “56(c)” documents, no appendix, and no briefs, per Dist./Mun. Cts. R. A. D. A., Rules 18 and 19, and there has been no request of us to refer to any portions of the omitted record. Id., at (a). Also, we note that the docket sheet does not reflect the entry of any Bishop affidavits even in the trial court.
When an appellant fails to file a brief, the Appellate Division may sua sponte dismiss the appeal. Dist./Mun. Cts. R. A D. A., Rule 19 (c). Luiz v. Bird Roofing Products, Inc., 1998 Mass. App. Div. 199, at 200. As a result of filing no brief, the appellant has failed to tie any arguments that he may have had adequately to any ruling of law made by the trial court. By not submitting a brief, he has effectively raised no error of law for this court to decide. Compare South Shore Bank v. Stepco Precast, Inc., 1995 Mass. App. Div. 50 (Report dismissed where no accompanying brief was filed). With no affidavits and no briefs before us with which to determine whether any material issues exist, we must rely on the trial court judge’s findings, which, in this case, support her allowance of the motion. Accordingly, this appeal is dismissed.
So ordered.

 The judge’s findings on the motion follow. “1. Pi’s [sic] signed a p & s agreement to purch. Def’s property. 2. Title was not completed as good and clear on date for closing. 3. Pi’s deposit according to the agreement is to be returned.”